UNITED STATES of America

v.

Samuel WALKER, Jr.

Crim. No. 80–43 Erie.

United States District Court,
W. D. Pennsylvania.

Aug. 13, 1980.

Robert J. Cindrich, U. S. Atty., Pittsburgh, Pa., for United States.

George Schumacher, Pittsburgh, Pa., for Samuel Walker, Jr.

## MEMORANDUM OPINION

KNOX, District Judge.

The defendant in this case stands indicted for violation of the Mann Act involving the interstate transportation of women from outside the state to and from Erie, Pennsylvania.

The defendant has filed numerous motions in this case and arguments were held thereon at Erie on August 6, 1980. All of the pretrial motions have been satisfactorily disposed of by agreement of counsel or rulings of the court with the exception of defendant's motion for discovery with respect to the testimony of an alleged expert witness to be produced by the government.

The request for discovery is contained in Section 3(e) of the motion as follows:

"The names, addresses and areas of expertise of any persons the United States intends to call and qualify as expert witnesses at trial. (Mr. Garhart has indicated that he will call an expert witness but refuses to provide Walker with the name, address and area of expertise of the witness)."

The government has filed a response to the motion for discovery which reads as follows:

"The government does not intend to call any expert witness at trial. The government does, however, intend to call a female witness who, among other things, will testify that she was asked by the defendant, Samuel Walker, Jr., to show Deborah Driscoll "the ropes" con-

cerning prostitution. The government expects to elicit testimony from this witness concerning her education of Deborah Driscoll in the skills of prostitution. The government does not intend to elicit from this witness any expert opinions. To be sure, this witness has had a substantial degree of education and training in prostitution and may even be possessed of some skill; however, these factors are not sufficient to put her testimony in the class of expert testimony. The Circuit, in a recent case, *Teen-Ed, Inc. v. Kimball International, Inc.*, 620 F.2d 399 (3d Cir. 1980), had occasion to indicate that not all people possessed of specialized knowledge who intend to testify at trial need be offered as experts."

In Rule 16 F.R.Cr.P., we find as follows:
"Rule 16. Discovery and Inspection
(a) Disclosure of Evidence by the Government.

(1) Information Subject to Disclosure.
\* \* \* \* \* \*

(C) Documents and Tangible Objects. Upon request of the defendant the government shall permit the defendant to inspect and copy or photograph books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof, which are within the possession, custody or control of the government and which *are material to the preparation of his defense or are intended for use by the government* as evidence in chief at the trial, or were obtained from or belong to the defendant.

(D) Reports of Examination and Tests. Upon request of a defendant the government shall permit the defendant to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments, or copies thereof, which are within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government, and which are material to the preparation of the defense or are intended for use by the government as evidence in chief at the trial.

(2) Information Not Subject to Disclosure.

Except as provided in paragraphs (A), (B), and (D) of subdivision (a)(1), this rule does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by the attorney for the government or other government agents in connection with the investigation or prosecution of the case, or of settlements made by government witnesses or prospective government witnesses except as provided in 18 U.S.C. § 3500."

Insofar as this matter is covered by the Jencks Act, 18 U.S.C. 3500, the court considers itself bound by subsection (a) of 3500:

"In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case."

This is an Act of Congress strictly limiting the powers of the court in this area. The court can urge the government to produce statements of witnesses as far in advance as possible but it is actually without power to compel violations of the Act of Congress in this respect.

The only way these statements by the alleged "expert witness" would be subject to be discovered would be under Rule 16. These portions of the criminal rules do not clearly provide for disclosure of statements of this type. As a matter of fact, in subsection (a)(2), a very clear intention is expressed of not providing in the Rules for any violation of 18 U.S.C. 3500.

Federal Rules of Evidence 701 and 702 distinguish between opinion and expert testimony. Rule 701 provides:
"If the witness is not testifying as an expert, his testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding

of his testimony or the determination of a fact in issue."

It would seem in this case that this witness' knowledge of the prostitution industry in the City of Erie, as well as her knowledge of "the ropes" of prostitution, are matters which are mainly factual and are based upon the perception of the witness. This is not a question of testimony by a renowned scientific expert or medical expert who gives his opinion based on facts submitted to him for testifying at the trial to give the jury the benefit of his education and lengthy experience in a certain scientific or medical field. Such testimony in fields of lay activity, such as prostitution, would be very helpful to jurors who are not usually engaged in such matters. We often receive the testimony of an automobile mechanic as to what was the defect in a certain car from his own observation. We have never insisted that a doctor of science in automotive engineering be brought to court to testify in an automobile case as to what was wrong with the car.

The expanding rule as to the use of lay testimony in this area was thoroughly covered recently by the Court of Appeals for this Circuit in *Teen-Ed, Inc. v. Kimball Internatl, Inc.*, 620 F.2d 399 (3d Cir. 1980). In that case, a question arose as to the expertise of a public accountant who had prepared income tax returns and had knowledge of the figures of the business for certain years. The pretrial order provided as the pretrial Rules of the Western District of Pennsylvania provide, that at a certain time, plaintiff will identify his expert witnesses and attach copies of their reports to the pretrial narrative statement. This has caused considerable trouble in the courts and there is presently a study being made as to revision of the entire pretrial rules of this court.

In *Teen-Ed, Inc.*, the trial judge had taken the view that all opinion evidence was expert opinion or expert testimony and adhered to the old rule that the witnesses had to qualify as experts and also had to comply with requirements of the pretrial rules and orders of the District Court for the District of New Jersey. The circuit had the following to say:

"As noted, the trial court proceeded on the basis that all opinion evidence in a federal court trial had to be offered by an expert. Opinion evidence at this trial was regularly referred to as 'expert opinion' or 'expert testimony'. See, e. g., App. at 391a, 393a–95a. The proffered opinion evidence was rejected because appellant failed to identify Zeitz and *the bookkeeper prior to trial as expert witnesses in accordance with a pretrial order.*

"Both the parties and the trial court failed to distinguish between opinion testimony which may be introduced by lay witnesses and that which requires experts. The modern trend favors the admission of opinion testimony, provided that it is well founded on personal knowledge and susceptible to specific cross-examination. See 3 J. Weinstein, Evidence ¶ 701–2 at 701–9 and 701–17 (1978). A lay witness in a federal court proceeding is permitted under Fed.R.Evid. 701 to offer an *opinion on the basis of relevant historical or narrative facts that the witness has perceived.* Entitled 'Opinion Testimony by Lay Witnesses,' Rule 701 provides:

If the witness is not testifying as an expert, his testimony in the form of opinions or inferences is limited to those *opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of his testimony or the determination of a fact in issue.*

Fed.R.Evid. 701. The expression of opinions or inferences by a lay witness is permitted because of the qualification in Rule 701(a) that the factual predicate of the testimony be within the witness's perception. This qualification simply reflects a recognition of the limitation embodied in Fed.R.Evid. 602, that a witness must have 'personal knowledge of the matter' in order to testify to it."

█ In light of the broadening scope of opinion testimony by lay witnesses with reference to the witness' own perception and experiences, the court holds that the evidence involved herein does not fall within the requirements of an expert witness as

defined in Rule 702 and in the Local Rules of this court. As pointed out by the government, this testimony concerns the knowledge of the witness about "the ropes concerning prostitution in Erie" and is all a matter of her perception, observations, and experience in this line in the Erie vicinity.

Under the circumstances, we will deny the motion for discovery with respect to matters set forth in paragraph 3(e) of such motion with respect to expert witness' names and reports. It is generally the rule in the Third Circuit that the government is not required to divulge the names and addresses of witnesses in advance of trial for the obvious reason that if such were disclosed, the witness might easily be tampered with, prevented from testifying or suffer personal harm.